## ASAHEL PIERCE *et al.*

### *v.*

### PERRY POWELL.

AGENT—*commission.* A authorized B, as real estate agent, to sell for him twenty-one acres of land, at $1500 per acre, B to receive a commission of 2 1-2 per cent on the sale. B afterwards received of a party $1000, and gave a receipt therefor, in the name of A, by himself, which was to be applied as a part of the purchase money, if the party should finally become the purchaser of the land, but if he failed or refused to consummate the purchase within a specified time, he giving no obligation of any kind binding him to make the purchase, then the $1000 deposit was to be forfeited. The

trade was never consummated: *Held*, in an action by A against B, to recover the $1000 forfeited, the latter contending that he was entitled to the money as commission on the sale at $31,500, that at most, he was only entitled to the commission on the deposit.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. ROGERS & GARNETT, for the appellants.

Messrs. HOYNE, HORTON & HOYNE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In February, 1869, appellee authorized appellants, as real estate agents, to sell for him 21 acres of land at $1500 per acre, one-third cash and the balance in one, two and three years, the unpaid purchase money to draw eight per cent interest per annum, they to receive a commission of 2½ per cent on the sale. On the first day of March, 1869, appellants received of James B. Rathburn $1000, and gave a receipt therefor, in the name of appellee by themselves as agents, which was to be applied as a part of the purchase money, if he should finally become the purchaser of the land; but if Rathburn failed or refused to consummate the purchase, then the $1000 deposit was to be forfeited. Rathburn, at the time, gave no obligation of any kind binding him to make the purchase, but simply paid the money for the privilege of purchasing at appellee's price and upon his terms, and the money to be forfeited if they failed to complete the purchase within a specified time.

Appellee furnished an abstract of the title, which being examined, was pronounced sufficient by Rathburn's attorney. Appellee then urged the closing up of the sale, but Rathburn failed to purchase, and forfeited the deposit. After spending some time in his efforts to close the matter, appellee demanded the deposit, and that the cloud created by the receipt, upon his title be removed. He was unable to obtain either. He then

proposed to give up the $1000, if appellants would procure a release from Rathburn. This they undertook, through Rathburn's agents, and Kerney, one of them, procured the release and took it to appellants' office. Whether it was delivered to appellants, is a disputed question. It, however, was afterwards delivered to appellee's attorney by Kerney. Appellee brought this suit to recover the one thousand dollars forfeited by Rathburn, from appellants.

Appellants claim to own the $1000 on two grounds: first, as commissions on the sale of the property at $31,500, and secondly, because they procured the quit claim deeds for appellee. An examination of the evidence fails to show that any sale was made, such as was contemplated when appellee intrusted the sale of the property to appellants. It is conceded that Rathburn executed no writing or signed any obligation. He only advanced the $1000 upon the condition that if he failed to take the land he was to forfeit the sum thus deposited, and if he became the purchaser it was to be applied on the consideration he was to pay.

He only agreed to give the deposit for the privilege of purchasing for a period of time; if he failed to take the land on the specified terms, he forfeited the money, or if he took it, then he was to have it applied to the purchase. He declined, as he had the right to do, to take the land, and forfeited the deposit. How, then, can it be said that there was a sale, when under no circumstances could Rathburn be compelled to receive a deed and pay the money, or even to execute a contract. He was bound to nothing but the forfeiture of the deposit. He had not agreed, nor did he ever agree, to purchase the land, he only agreed that he would at a future time determine whether or not he would purchase. This was the extent of the arrangement and nothing more; and it wants the most essential element of a purchase or a sale, and that is, an obligation on the part of a purchaser to comply with the terms of the seller. Not having sold the land, appellants are not entitled to retain the money as commissions. They could

not claim more than the commissions on the deposit, and that the jury have allowed them by their verdict. Appellants have referred to a number of adjudged cases, but they were all cases where a sale had been consummated, and hence have no application to the facts under consideration.

There seems to be no doubt that Rathburn's attorney delivered the deeds to appellee. This is, we think, clearly established by the evidence. And the evidence is conflicting, as to whether the attorney ever delivered the deeds to appellants. If he did, they must have again returned them to him, as the deeds came from him to appellee and not from appellants. It can not be truly said that appellants procured the deeds, when appellee's attorneys negotiated for and procured their delivery to them. Had appellants procured the deeds we should have expected them to have delivered them to appellee or to his attorneys. But the jury, under the evidence, have found that they failed to procure the deeds, and with that finding we do not incline to find fault as it was warranted by the evidence.

We do not see that there was any error in rejecting the evidence as to what appellee may have said in reference to how he should vote on the park question, or as to whether he voted as he had said he would. We will not presume, nor would it have been a legitimate presumption for the jury to indulge, that he could have exerted influence enough to have changed six votes, had he been disposed to have made the effort. Had his vote alone defeated the establishment of the park, and had it appeared that he induced Rathburn to purchase under a promise that he would vote for it, a different question might possibly have been presented. We can not infer, nor would the jury be warranted in the inference, that he could have changed the six votes appellants admit would have had to be changed before the park could be established. Evidence must be pertinent to the issue to be admissible, and it is not warranted by the rules of evidence to permit remote, disconnected circumstances from which reasonable inferences pertinent to the issue can not be drawn, to go to the jury. They confuse the issues,

tend to mislead, and to prejudice the case. The facts proposed to be proved, were too remote and were properly rejected by the court.

From an examination of the instructions given by the court, we are of opinion that they were fully as favorable, if not more so, than appellants had a right to demand, and that they did not tend to mislead the jury to their prejudice.

The judgment of the court below is affirmed.

*Judgment affirmed.*