When the plaintiff closed his case, the counsel for the defendant moved for a nonsuit, upon the ground that the plaintiff would not be entitled to recover commission unless there had been a contract of sale executed, or some note or memorandum thereof in writing before the action was commenced, and that there was no evidence that a sale had been effected, or that there was any note or memorandum in writing of any contract of sale. This motion was properly denied. Testimony had been given by the plaintiff tending to show that in April, 1872, the defendant had employed the plaintiff, a real estate broker in Buffalo, to effect a sale of his house, situated in the city, for the price of $20,000. That the parties entered into an agreement to the effect that if a sale was effected, either through the agency of the plaintiff or that of any other person, that the defendant should pay the plaintiff a commission of two and one-half per cent. That the plaintiff advertised the property for sale and made various efforts to make one to different parties, among others, to the First Presbyterian Church of Buffalo, which was desirous of purchasing a parsonage. That about the middle of July, the defendant told the plaintiff he had sold the house to the church. Some time thereafter, the plaintiff presented to the defendant his account for his commission, which the defendant refused to pay, upon the ground, as he claimed, that he had withdrawn the property from market before he sold the same. The counsel for the appellant is right in the position that to entitle the plaintiff to recover he must show that his demand was due at the time of the commencement of the action. To entitle the plaintiff to his commission under the contract, it must appear either that the property had been actually sold, either through the agency of the plaintiff or of some other, or that from like agency a purchaser had been found ready and willing to take the property upon the terms fixed by the defendant. (Moses v.Bierling, 31 N.Y., 462; Barnard v. Monnot, 3 Keyes, 203;Stillman v. Mitchell, 2 Robertson, 523.) The testimony given was sufficient to prove an actual sale. No objection *Page 241 
was made as to the competency of the evidence to establish this fact.
Upon the part of defendant, it was proved that the action was commenced on the twenty-eighth day of August, and that the property was not conveyed by him until the eleventh of September thereafter, and that no part of the purchase-money was paid until that time, and that there had been no previous contract for the sale made as required by the statute of frauds, so as to be obligatory upon the parties. Having given this evidence, the defendant renewed his motion for a nonsuit upon substantially the same grounds; which was denied, to which the defendant excepted. The exceptions to the refusals to nonsuit are all that appear in the case. It follows, that if upon a proper submission of the case, the plaintiff was entitled to recover upon any view of the testimony which the jury was authorized to take; the nonsuit was properly denied, and the judgment should be affirmed. We have seen that the plaintiff was entitled to his commission upon the production of a purchaser ready and willing to purchase the property upon the terms fixed by the defendant. The case shows that a parol contract for the sale was made before the middle of July, upon those terms. This shows, prima facie, that a purchaser had been produced ready to purchase the property. It was after and in reference to this parol contract doubtless, that the defendant told the plaintiff that he had sold the property. Had the defendant, after this, been unable to consummate the contract or refused so to do, the plaintiff would have been entitled to his commission, having fully performed the contract on his part. The delay of nearly two months in completing the contract was wholly unexplained. The plaintiff was entitled to his commission upon the production of a purchaser ready and willing to purchase the property, although through the default of the defendant a sale was never effected. There was nothing showing but that the contract might have been at once consummated, had the plaintiff been ready to give a deed and put the purchaser in possession. The defendant having declared to the plaintiff *Page 242 
that he had sold the property, and when called on to pay the commission based his refusal to pay, not upon the ground that a valid contract for the sale had not and could not be made, but upon the ground that he had withdrawn the property from market before the sale was made, cannot now shield himself from liability on the former ground. Besides, the evidence shows,prima facie, that the purchaser was ready and willing to purchase when the verbal contract was made, and there is nothing appearing subsequently in conflict therewith. The court would have been warranted in holding that the commissions then became due, although the conveyance was not made until some time afterward. In Bull v. Price (20 Eng. Com. Law, 115), it was held, that the true construction of the contract was, that the commission should be paid out of the purchase-money received by the defendant, and did not, therefore, become due until the actual receipt of the money or until the defendant was in fault in not having received it. Such is not the contract in the present case. The commission was not payable out of the purchase-money and became due when the plaintiff had fully and successfully performed the stipulated service.
The judgment appealed from must be affirmed with costs
All concur.
Judgment affirmed.