JAMES DENNIS, Respondent, *v.* OLIVER CHARLICK, Survivor, etc., Appellant.

*Real estate broker — when entitled to commissions — in action against survivor — what evidence sufficient to establish joint contract — statements made by survivor.*

A broker who finds a purchaser who makes an oral contract for the purchase of real estate with the owner, and stands ready to perform the agreement, is entitled to his commissions.

Where one of two persons represents to a broker that he is authorized to act in behalf of the other, in an action for services rendered at the request of the former, brought against both, if the latter dies during the continuance of the action and it is continued against the survivor, it is not necessary to establish the joint character of the contract to such an extent as would have charged the deceased party thereunder had he remained a party to the suit. It is sufficient to show enough to establish such joint contract as against the survivor alone.

The statements and representations of the survivor are sufficient to charge him and entitle the plaintiff to recover.

The answer to a letter written on behalf of the purchaser to the defendant, offering to carry out the contract, to the bearer of which defendant said: " No answer; it is all right :" *held* admissible as evidence.

APPEAL from a judgment, entered upon the verdict of a jury in favor of plaintiff, in an action brought to recover commissions for the procurement of a purchaser for property owned by Oliver Charlick and James M. Waterbury as tenants in common. A question arose on the trial as to the admissibility in evidence of a letter written to Waterbury, in which the purchaser consented to carry out the contract in pursuance of the agreement, to the bearer of which letter Waterbury said: " No answer; it is all right."

*W. A. Beach,* for the appellant.

*Luther R. Marsh,* for the respondent.

DAVIS, P. J. :

This action was brought upon an alleged joint contract made by the defendant and one Waterbury. Pending the action Waterbury died, and the action proceeded against Charlick, as survivor. It was necessary on the trial to establish the alleged joint contract, but to do that it was sufficient to show enough to establish such contract as against the survivor alone.

The plaintiff gave evidence tending strongly to show that he was employed by Charlick, on behalf of himself and Waterbury to render services as a broker in finding a purchaser for premises belonging to both defendants; that he did find such purchaser ; that an oral contract of sale was made between the purchaser and Charlick, in and by which the terms were mutually agreed upon, and an attorney was directed to prepare a written agreement in conformity with the oral one, which was done, and that the purchaser stood ready and willing to perform the agreement. This was enough, if satisfactorily shown, to entitle the plaintiff to his commissions. (*Mooney* v. *Elder,* 56 N. Y., 238 ; *Lloyd* v. *Matthews,* 51 id., 124.) The evidence also tended to show, that in making such agreement of sale, Charlick represented himself to

be authorized to act in behalf of Waterbury. The proof of that fact is sufficient to establish, as against Charlick, the joint contract alleged in the complaint. The jury upon the evidence, under a charge presenting the question whether the contract was so made by Charlick upon such representations, found for the plaintiff; and after such finding it does not lie in the mouth of Charlick to say that the contract was not a joint one. It was not necessary to establish the joint character of the contract in this action against the survivor, to such an extent as would have charged Waterbury therewith had he remained a party to the suit. It is undoubtedly true that Charlick's declaration of his authority would not have been sufficient, as against Waterbury, to establish the latter's liability. But if Waterbury were still living, and the plaintiff had failed to show his assent to the contract, or that Charlick had in fact authority to make it in their joint names, yet Charlick would have been so far bound by his representations, that a recovery could have been had against him, notwithstanding the plaintiff might have failed to entitle himself to a recovery against Waterbury. For if the representations of authority made by Charlick were untrue, the plaintiff would doubtless be entitled, under sections 136 and 274 of the Code, to recover against him individually, if the jury found that such representations were in fact made, because such facts would establish a cause of action upon which the plaintiff would be entitled to judgment against him if Charlick had been sued alone. (*Speyers* v. *Fisk*, 3 Hun, 706.) And if such representations were true, the plaintiff would in like manner be entitled to judgment in the present form of action, because, as against Charlick, the joint contract is sufficiently shown, and his liability is that of a survivor sued on a joint contract shown to have been made by himself in that form.

The exception to the admission of the letter addressed by Conklin to Waterbury, does not seem to us to be well taken: first, because it was not necessarily material for the plaintiff to show that Waterbury in fact assented to the terms of the agreement which Charlick had made, although that fact would have been a competent and proper one to have proven; second, it was proper evidence to be given in the case, after proving a contract joint in form, to establish Waterbury's assent, although the right to recover against

Charlick was not necessarily dependent upon that fact. It was competent to prove the letter in connection with the reply given to the messenger who carried it, and to submit both to the jury for their determination, as to whether or not the reply was intended by Waterbury as an assent to the contents of the letter. If the reply was ambiguous, as claimed by the defendant, that fact rendered it peculiarly proper to be submitted to the jury. If it is questionable whether the notice to produce the letter was sufficient to entitle the plaintiff to give secondary evidence of its contents, yet, inasmuch as the facts sought to be proven by the letter were not material to the making out of a case against the survivor, we are inclined to think that the admission of the letter could have no prejudicial effect against him; besides, the defendant in his points makes no question upon the notice.

The other exceptions do not seem to be of sufficient importance to call for any comment.

The judgment should be affirmed.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.