W. HOWARD GILDER, as Chairman, etc., Respondent, *v.* JOHN H. DAVIS et al., Appellants.

A broker employed to negotiate a sale of real estate, when he procures a purchaser and a contract of sale is entered into between his employer and such purchaser, is entitled to his commissions, although the purchaser for any reason, not attributable to the broker, refuses to consummate the contract.

The broker is also entitled to his fees when he negotiates a contract different from that prescribed by his employer if the latter ratifies the contract as made.

Where, therefore, a contract of sale, as negotiated by the broker and executed by his employer, and the purchaser, provides for the payment of a sum as liquidated damages by the latter in case of his failure to perform, the broker is entitled to his commission, although the purchaser elects not to perform but to pay the damages fixed.

Plaintiff employed defendants as brokers to sell certain real estate for not less than $125,000, they to receive a commission of five per cent; they negotiated a sale at the price specified and entered into a contract with the purchaser, by the terms of which $10,000 of the purchase money was to be paid down; in case of failure of the purchasers to complete the contract, that sum was to be forfeited, and no further liability of any kind was to be incurred by them. Defendants reported the contract to plaintiff who approved and confirmed the same; the $10,000 was paid to defendants. Subsequent to the ratification, plaintiff wrote to defendants, stating his understanding to be that no commission was to be paid until the final purchase money was paid, as otherwise he would be granting an option for $3,750; defendants answered assenting to the condition "that the $6,250 commission due * * * shall not be paid until the final purchase money is paid in." The purchasers did not perform. Defendants retained five per cent on the $10,000 and paid over the balance. *Held,* that an action was not maintainable to recover

the sum retained; that a fair interpretation of the two letters was that full commissions were not to be paid unless the sale was consummated; and that defendants were entitled at least to commissions on the sum paid.

(Argued March 14, 1893; decided March 21, 1893.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made April 14, 1892, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial at Circuit and ordered a new trial.

This action was brought by plaintiff as chairman of the purchasing committee of the Western Dressed Beef Company to recover the sum of $500, alleged to have been unlawfully retained by the defendants out of the moneys received by them under a contract negotiated by them as brokers employed by plaintiff to sell certain lands.

The material facts are stated in the opinion.

*Edward T. Bartlett* for appellants. The optional contract contemplated two modes of performance by the purchasers, and defendants' commissions would be due in either event, but upon different sums. (*Sibbald* v. *B. I. Co.*, 83 N. Y. 378; *Duclos* v. *Cunningham*, 102 id. 678; *Smith* v. *McGovern*, 65 id. 574; *Mooney* v. *Elder*, 56 id. 238; *Kelley* v. *Baker*, 132 id. 1.) The letters relied on by plaintiff to defeat defendants' claim for commissions have no such effect. (*Koehle* v. *Adler*, 78 N. Y. 287; *Fargo* v. *Milburn*, 100 id. 96; *Kirtz* v. *Peck*, 113 id. 226; *Thompson* v. *Stimpson*, 128 id. 283.) This case presents only a question of law on the correspondence between the parties, whether the defendants are entitled to commissions, and this appeal was properly taken. (*Harris* v. *Burdett*, 73 N. Y. 136; *Randolph* v. *Loughlin*, 48 id. 458; *Hoyt* v. *Thompson*, 19 id. 208; *Miller* v. *Schuyler*, 20 id. 522.) Defendants' motion to dismiss the complaint was properly granted without regard to the merits, as plaintiff offered no proof to show that he was entitled to sue as chair-

man of the purchasing committee of the Western Dressed Beef Company. (Code Civ. Pro. §§ 488, 489; *Mosselman* v. *Cain*, 1 Hun, 647; *R. P. Co.* v. *Hull*, 58 Vt. 306; *Carter* v. *Carter*, 82 Va. 624; *S. P. Barr* v. *Clayton*, 29 W. Va. 256; *Sinker* v. *Floyd*, 104 Ind. 291.)

*W. M. Safford* for respondent.

EARL, J.   The general rule is that when a broker, employed to negotiate a sale of real estate, brings to his employer a responsible purchaser willing to buy upon the terms prescribed he has earned his commissions. (*Mooney* v. *Elder*, 56 N. Y. 238; *Sibbald* v. *Iron Co.*, 83 id. 378; *Duclos* v. *Cunningham*, 102 id. 678; *Kalley* v. *Baker*, 132 id. 1.) Where the contract of sale is executed between the employer and the purchaser, the right of the broker to his commissions does not depend upon the performance of the contract by the purchaser. If from a defect in the title of the vendor, or from a refusal to consummate the contract on the part of the purchaser for any reason in no way attributable to the broker, the sale falls through, nevertheless the broker is entitled to his commissions, for the simple reason that he has performed his contract. If he negotiates a contract different from that prescribed by his employer, and the employer subsequently ratifies it, and thus a contract is finally made which is satisfactory to him, then the broker has earned his commission. (*Nesbitt* v. *Helser*, 49 Mo. 383; *Coleman's Exrs.* v. *Meade*, 13 Bush. [Ky.] 358.) These rules apply where the broker has acted in good faith, and the contract made is either signed by the employer himself or is approved or ratified by him. The contract for the sale of real estate may provide for the payment of a sum of money as liquidated damages by the party failing to perform, and thus the contract may in a certain sense be optional with either party; yet if the employer signs or approves the contract, I see no reason to doubt that in such a case, although in the end the purchaser may not take a conveyance of the real estate, preferring to pay the liquidated

damages, the broker has earned his commissions. If in such
a case the employer wishes to be exempt from the payment of
commissions, or to confine the commissions to the amount of
the liquidated damages paid in lieu of performance, he
should stipulate for such exemption in the contract with his
broker. The commissions are the compensation for the
services of the broker, and when the services stipulated for
have been rendered he should be entitled to his commissions.

Now, what are the facts of this case? The plaintiff and
other persons associated with him owned certain real estate in
the state of Kansas which he desired to sell, and he addressed
a letter to the defendants, who were real estate brokers in the
city of New York, in which he authorized them to negotiate
for the sale of the property for not less than $125,000, in
cash, stating that he understood that they were to receive a
commission on such sale of five per cent. In pursuance of
that authority the defendants commenced their efforts to
negotiate a sale of the property, and finally entered into a
contract for the sale thereof to Gould & Co. for the price of
$125,000, cash, upon the following terms:

"The terms of the purchase are ten thousand dollars
($10,000), to be paid to bind the transaction, and the remain-
ing one hundred and fifteen thousand dollars ($115,000) to be
paid as soon as a company, which Messrs. Gould, McGhee and
associates are now forming, shall be incorporated, and a suf-
ficient amount of the preferred stock of said company sub-
scribed and paid for to meet said payment. Should the said
Gilder and his associates be unable to give a good and sufficient
title to the said Kansas City property, and to turn over the
same free of all incumbrances, the said Gould and his associ-
ates shall be relieved of all obligation to purchase, and the
said ten thousand dollars ($10,000) deposit shall be returned
to them. Should the title to said property be found good and
sufficient, but the said Gould and his associates fail to organize
their company, and to make the one hundred and fifteen
thousand dollars ($115,000) payment, hereinbefore referred
to, by or within four months from this date — namely, the

eighth day of May, 1890 — then the said deposit of ten thousand dollars ($10,000) shall be forfeited and paid over to the said Gilder, as the representative of the owners of the said Kansas City property; but no further liability of any kind whatsoever shall be incurred by the said Gould and his associates over and above the said ten thousand dollars ($10,000)."

Gould and Co. immediately paid the $10,000 to the defendants, and on the same day they reported the contract to the plaintiff who at once approved of and confirmed the same. On the same day the plaintiff addressed a letter to the defendants in which he stated as follows: "Referring to my letter of confirmation of this date, I beg to express to you my understanding that there shall be no commission paid for the sale of the Kansas City property until the final purchase money has been paid over, inasmuch as otherwise I should be really granting a four months option upon this property for the sum of $3,750." To that the defendants answered by letter, as follows: "Replying to your favor of even date, we beg to say that the condition you make — that the $6,250 commission due us on sale of the Kansas City Slaughtering plant and property shall not be paid until the final purchase money is paid in — is entirely satisfactory and hereby agreed to by us." The purchasers, Gould & Co., did not take the property and forfeited the $10,000. The plaintiff then demanded the whole of the $10,000 from the defendants, and they claimed that they were entitled to their commissions on that sum, and refused to pay him more than $9,500. He accepted that sum without prejudice to the rights of either party, and afterwards commenced this action to recover the balance, $500. The defendants, in their answer, claimed to retain the $500 as their commissions on the $10,000. At the trial term it was held that they were entitled to the $500, and the judge directed a verdict in their favor dismissing the complaint. Upon appeal by the plaintiff to the General Term, the judgment directed at the Special Term was reversed, and a new trial ordered.

We are now to determine upon the facts hereinbefore stated, about which there is no dispute, whether or not the

defendants were entitled to commissions as claimed by them.

While it is not necessary to be determined upon this appeal, it is by no means clear that when the contract was closed between the plaintiff and Gould & Co., the defendants were not entitled to their full commissions. They had then negotiated a contract of sale which was satisfactory to the plaintiff and which was approved and confirmed by him. If there had been no further agreement between the parties as to the commissions, it might be claimed, at least with some plausibility, by the defendants that they were entitled to their commissions as they would have been if they had negotiated a contract containing a stipulation for the payment of liquidated damages in case of failure of performance by either party. And so apparently the plaintiff understood his obligation to them, and, therefore, he exacted an agreement that they should not have their full commissions unless the property was finally taken and paid for by the purchasers. It is not a fair construction of the two letters embodying the agreement that the defendants were to have no commissions whatever, unless the purchasers took and paid for the property. It cannot be supposed that the parties meant to agree that the plaintiff should receive in consequence of the services of the defendants $10,000 without any payment or allowance for such services. We think the fair interpretation of the language of the two letters is simply that the full commissions were not to be paid unless the property was finally taken by the purchasers, leaving the defendants to whatever rights they had to commissions upon the $10,000. The letters will bear that construction, and, in furtherance of what seems to be fair dealing, they should be so construed. We think it is a just view to take of such a situation where a broker has obtained an optional contract sanctioned by his employer that he should at least receive his commissions upon the sum paid and forfeited by the purchaser. We have found no case where the precise point here involved was decided. A case nearest like this is *Pierce* v. *Powell* (57 Ill. 323).

We are, therefore, of opinion that the order of the General Term should be reversed and the judgment of the trial term affirmed, with costs.

All concur.

Order reversed.