(80 App. Div. 445.)

## SHEINHOUSE v. KLUEPPEL.

(Supreme Court, Appellate Division, Second Department.   March 20, 1903.)

1. BROKERS—RIGHT TO COMMISSIONS.
    The owner of real estate employed a broker to find a purchaser therefor.  The broker found one who agreed to buy at the owner's price, but who refused to agree to pay taxes which would become payable and be a lien on the property before the expiration of the time required by him for examination of the title, and solely because of such refusal the deal was declared off.  *Held*, that the broker was not entitled to commissions.

Appeal from Municipal Court of New York.

Action by Morris Sheinhouse against George J. Klueppel.  Judgment for plaintiff after trial without a jury, and defendant appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Richard Cohn, for appellant.
A. Feldblum, for respondent.

HIRSCHBERG, J.   The plaintiff was employed by the defendant to find a purchaser for a piece of real estate belonging to the latter in the borough of Brooklyn.  He found a purchaser who agreed to buy at the defendant's price, by whom a cash deposit or payment was made on the 10th day of September, 1902, and the parties met at the office of the defendant's attorneys on the 15th day of September for the purpose of executing a formal written contract.  The purchaser desired a reasonable time in which to search the title before taking a deed of the property, and it was then stated by or on behalf of the defendant that the requisite time would be given for the examination of the title, but that, as the time suggested would run over the date for the confirmation of taxes, viz., October 6th— the first Monday of October—the contract should contain a clause requiring the purchaser to pay those taxes.  To this the purchaser refused to assent, and solely because of such refusal no contract was executed and the deal was declared off.  A week or two afterwards the defendant consented to execute a contract for the sale of the property to the purchaser without any stipulation as to the taxes, but the purchaser then claimed to have bought another house, and refused to take the property in question.  On these facts judgment has been awarded to the plaintiff for the sum which the defendant agreed to pay him for his services in finding a customer.

The plaintiff is not entitled to the agreed compensation, for the reason that he did not find a customer who was willing to contract to buy on the owner's terms.   The effect of the proposed purchaser's conduct was to insist that taxes which would become a lien subsequent to the contract of sale, and possibly subsequent to the execution of the deed, should be borne by the vendor, and not by himself.   It is true that the broker's duty is discharged when he brings the parties together upon the terms proposed by his employer, and

that the execution of the contract is not essential to his right of recovery; but it is essential that the prospective purchaser whom he produces should be willing to buy upon the terms prescribed. If he capriciously or unjustifiably refuses to contract, he cannot be regarded as a ready and willing purchaser. If the owner advances new terms in addition to those originally prescribed, a different result would follow.

The general rule applicable to the situation is stated by Judge Earl in Gilder v. Davis, 137 N. Y. 504, 506, 33 N. E. 599, 20 L. R. A. 398, as follows:

"The general rule is that when a broker, employed to negotiate a sale of real estate, brings to his employer a responsible purchaser willing to buy upon the terms prescribed, he has earned his commissions."

The question in this case is, was the purchaser willing to buy upon the terms prescribed? Clearly, if he had been satisfied with the title on the 15th day of September, and had taken a deed then, he would have been required to pay the defendant his selling price, and the taxes subsequently assessed would have fallen on him as the then owner of the property. This was within the contemplation of the terms proposed at the time when he agreed verbally to become a purchaser. When he asked for time, however, in which to search the title, and time was accorded to him which would run beyond the period when the subsequent taxes would become a lien, he knew that, unless the defendant was relieved from the payment of those taxes by the insertion of a suitable clause in the contract to that effect, the defendant would be obliged to pay such taxes out of the purchase money, and that the selling price would be correspondingly reduced. In other words, the imposition of the taxes as a lien upon the property would create a breach of the warranty against incumbrances which the defendant was required to insert in his deed provided the deed was given after October 6th. See Gotthelf v. Stranahan, 138 N. Y. 345, 34 N. E. 286, 20 L. R. A. 455. In the opinion in that case Judge Andrews said (page 351, 138 N. Y., and page 288, 34 N. E., 20 L. R. A. 455):

"The case of periodical taxes for the support of government, assessed and laid between the date of a contract and the time fixed for the conveyance, would constitute an incumbrance within the meaning of the covenant. The time of the imposition of such taxes is known in advance, and, unless excepted from the covenant, would be deemed to be covered thereby."

By section 914 of the amended charter of the city of New York (chapter 466, Laws 1901), the taxes are made due and payable on the first Monday of October, and then become liens upon the real estate affected thereby. As the defendant was expected to give a warranty deed, and the purchaser would only take title in case he found the record clear, a provision in the contract that the future taxes should be excepted from the covenant of warranty was necessary for the protection of the grantor. It would not affect the grantee at all if he passed the title and took the deed before the tax became a lien by law, and if he extended his investigation beyond that date it would be essential in order to prevent the grantor from bearing

a burden which naturally devolved upon the grantee under the terms as prescribed at the time he orally agreed to purchase the property.

The judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.