Burton v. Rose.

A. O. BURTON *et al v*. R. C. ROSE.

(*Jackson*.  April Term, 1917.)

1. **BROKERS.** Commissions. Securing an option.

A broker, having entitling him to commission on sale of plantation, does not show performance, entitling him to commission on agreed selling price, upon producing a person who enters into an optional contract. (*Post, pp. 499, 500.*)

Cases cited and approved: Crowe v. Trickey, 204 U. S., 228; Warnekros v. Bowman, 43 L. R. A. (N. S.), 91.

2. **BROKERS.** Commissions. Amount forfeited on option.

A broker, having contract entitling him to commission on sale of plantation, who secures an optional purchaser, is not entitled to commissions on earnest money forfeited to seller under option. (*Post, pp. 500, 501.*)

Cases cited and distinguished: Gilder v. Davis, 137 N. Y., 504.

FROM SHELBY

Appeal from the Chancery Court of Shelby County.— FRANCIS FENTRESS, Chancellor.

A. B. KNIPMEYER, for complainant.

HUGHES & HUGHES, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Rose made a contract with Burton, a real estate agent, for the sale of Roseland plantation for the sum of $85,000, agreeing to pay him five per cent. commission. The facts bearing on the questions of law treated of below are as follows:

Through the efforts of Burton one Townes was caused to investigate the property, with result that Townes signed a contract with Rose, which was prepared by Burton or his associate broker, in which instrument it was recited that $3,500 was paid in cash by Townes to Rose as a part payment for the land, which was to be treated as earnest money and forfeited, should Townes desire to be released of further liability in relation to the contract of purchase, before the arrival of the date for its closing. The contract, in substance, was an option.

Townes exercised the privilege of not taking over the property, but not because of any fault of Rose.

This suit was brought to collect broker's commission claimed to have been earned by complainants, Burton and his associates. The chancellor denied a recovery.

A real estate agent or broker, who holds a contract signed by the owner by the terms of which he is to be paid a commission upon the sale of the property, does not show a performance entitling him to recover the contract percentage by merely producing a person who enters into a contract with the owner by the terms of which it is optional with such third person to pay for

the land, and on his failure to do so the contract is to be terminated, even though the purchaser is to forfeit the amount paid for the option. No absolute purchaser, ready, able, and willing to take the property, is procured in such case. Walker on Real Estate Agencies, section 85, *Crowe* v. *Trickey,* 204 U. S., 228, 27 Sup. Ct., 275, 51 L. Ed., 454; note to *Warnekros* v. *Bowman,* 43 L. R. A. (N. S.), 91; 9 C. J., 604.

The only debatable question is whether the agent is entitled to a commission on the sum forfeited by the optionee, $3,500 in this case. The court of appeals of New York in *Gilder* v. *Davis,* 137 N. Y., 504, 33 N. E., 599, 20 L. R. A., 398, held that a broker who had obtained an optional contract to be executed to his employer was entitled to recover commissions on the sum so paid and forfeited, although the purchase was never consummated. The court, speaking through EARL, J., said:

"I see no reason to doubt that in such a case, although in the end the purchaser may not take a conveyance of the real estate, preferring to pay the liquidated damages, the broker has earned his commissons. . . . He should at least receive his commissions upon the sum paid and forfeited by the purchaser."

This decision is believed to be out of line with the other authorities, and the contrary rule is stated in 4 R. C. L., 315, sections 51, 53. It would seem that the owner is entitled to hold the earnest money deposited, as compensation for the withdrawal of his property from market during the period of the option, and any

detriment incident to a failure of the optionee to take over the property after an examination falls upon the owner. The broker must rely upon the option ripening into a sale absolute for his commission.

The decisions are all to the effect that a broker may recover his commission, if and when the option is exercised, or the optionee is ready, able, and willing to take a deed thereunder.

Other assignments of error are disposed of in a memorandum for decree.

The chancellor reached a correct conclusion, and his decree is affirmed.