MAURICE SHULMAN *vs.* BENJAMIN KAPLAN ET AL.

First Judicial District, Hartford, May Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

Where a plaintiff has alleged the making and performance of a contract with the defendant to sell the latter's real estate for a reasonable commission, without alleging that he was a real-estate broker, it is not error to charge the jury that if he was in fact so employed the jury might consider him a broker, though it is not essential

that he should be so called, since his right to reasonable compensation follows from his performance of the contract.

Such compensation is to be calculated upon the basis of the entire interest sold pursuant to the contract, which interest in the present case was a joint interest of two persons in the same premises.

The fact that the premises were sold to the customer on Sunday does not affect the plaintiff's cause of action, which is not based on the contract of sale.

Submitted on briefs May 3d—decided June 1st, 1921.

ACTION to recover a reasonable commission for securing a purchaser for the defendants' real estate and personal property, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* verdict and judgment for the plaintiff for $825 against the defendant Benjamin Kaplan, from which that defendant appealed. *No error.*

The complaint does not allege that the plaintiff is a real-estate broker, but it alleges that the defendants requested the plaintiff to find a customer for the described real estate on terms stated, and promised to pay the plaintiff a reasonable commission therefor; that the plaintiff did procure certain customers ready, able and willing to buy the property on the defendants' terms, and that the reasonable value of the plaintiff's services was $850. The answer is a general denial, coupled with the special defense that the day on which the plaintiff claimed to have procured the customer was Sunday and the contract was therefore void. A nonsuit was granted as to the defendant Mayer Kaplan and denied as to the defendant Benjamin Kaplan. The verdict finds the issues for the plaintiff against the defendant Benjamin Kaplan.

*Reuben Taylor* and *Joseph D. Freedman,* for the appellant (defendant Benjamin Kaplan).

*Albert C. Bill,* for the appellee (plaintiff).

BEACH, J. Four errors in the charge are assigned. The first relates to the instruction that if the plaintiff was in fact employed by the defendant to sell the real estate, the jury might consider him a broker. This was correct enough, but it was not essential that the plaintiff should be called by that name. The terms of the contract of employment and its performance by the plaintiff are alleged in detail, and, these being found true, the right to reasonable compensation follows. The court correctly charged on the effect of entering a nonsuit as to the defendant Mayer Kaplan.

Why the nonsuit was granted does not appear. Benjamin Kaplan's own claims, as stated in the finding, expressly allege that both defendants discussed the proposed sale with the prospective purchasers, and agreed on the amount, interest, and terms of payment of a proposed second mortgage. This leaves no doubt that the entire interest of both defendants was offered for sale, and that the plaintiff was entitled to have the commission calculated on that basis.

The same finding disposes of the alleged error of the court in the charge as to this second mortgage, that it was sufficient if the owners gave the plaintiff the general terms on which they would sell, provided the details were afterward agreed upon between the owners and the prospective purchasers. The court correctly charged: "It is not claimed, nor does it anywhere appear, that any contract between the parties to this action was made on Sunday." It does appear that the defendants themselves came to their final agreement with the prospective customers on Sunday, but the plaintiff's cause of action is not based upon this contract, nor does the special defense have relation to it.

There is no error.

In this opinion the other judges concurred.