WILLIAM R. SLACK, Plaintiff, *v.* GLENWOOD SIGHTSEEING BUS CO., INC., Defendant.

City Court of New York, Special Term, New York County, January 14, 1944.

*Henry Kroll* for defendant.

*Nathan Feldman* for plaintiff.

SCHIMMEL, J. This is an action to recover brokerage commissions. Plaintiff claims to have procured a purchaser for two buses owned by defendant, which declined to consummate the sale although, according to plaintiff, the purchaser was willing to acquire the buses at the price stipulated by defendant.

It is evident from the affidavits submitted on this motion that the defendant is not a dealer in buses, but a transportation company, a carrier of passengers, which sought to dispose of surplus buses. It is shown that the selling price of $6,600 for each of the buses exceeded the maximum at which a sale could be effected under the regulations of the Office of Price Administration. Indeed, even if defendant had been a dealer, the price at which it proposed to sell the buses was in excess of the ceiling, for there is nothing to indicate that defendant supplied any parts, materials or services or performed any reconditioning work in an amount exceeding $2,000 in the case of each bus. It does not appear that defendant undertook to do any reconditioning at all.

If the plaintiff obtained a purchaser for the buses, as he claims, he did so at a price greatly in excess of that allowed by

law.  I think it must be assumed that plaintiff knew about the price regulations established by the Office of Price Administration; certainly he was not justifiably ignorant of the fact that there were price ceilings imposed upon the sale of used buses. He was doing business under the name of " Consolidated Bus & Equipment Company " and was evidently in some manner engaged in the bus and bus-equipment business.  If he did not know the ceiling price it was incumbent upon him to ascertain it.  There are few people today who are unaware of the existence of these price regulations and of their applicability to purchases and sales of commodities and chattels of all kinds. In the courts, too, these regulations are judicially noticed (see U. S. Code, tit. 44, § 307; also Civ. Prac. Act, § 344-a, subd. 5). The case of *Markowitz* v. *Arrow Construction Co., Inc.* (102 Misc. 532, App. Term, 1st Dept.) is pertinent and controlling. (See, also, cases from various jurisdictions, 85 A. L. R. 274–275.)

The defendant's motion for summary judgment under rule 113 of the Rules of Civil Practice is granted.  The complaint is dismissed.  Judgment may be entered accordingly in favor of defendant.