NORTH AMERICAN DISTRIBUTING Co., Plaintiff, *v.* DISTILLERS
FACTORS CORPORATION, Defendant.*

City Court of the City of New York, Trial Term, New York County,
June 24, 1947.

*Beldock & Meadow* for plaintiff.

*Isidore Shapiro* for defendant.

SCHIMMEL, J. This action for a brokerage commission was tried before the court without a jury.

Plaintiff's alleged right to a brokerage commission is not based upon the agreement by defendant to sell empty barrels to Lane Liquor Ltd., but rather upon the agreement by Lane Liquor Ltd. to sell barrels *of liquor* to defendant. The latter agreement provided that the barrels of liquor would be sold at maximum Office of Price Administration ceiling prices. In a separate agreement, the defendant agreed to pay plaintiff a brokerage commission of $2 on each of the barrels of liquor sold by Lane Liquor Ltd. to the defendant. The Maximum Price Regulation (MPR 445, § 7.2a, subd. [a], added May 8, 1944 [9 Federal Register 4687, 4722]) promulgated under the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) provided, in part: " Treatment of Broker's compensation. (a) Every broker shall be considered the agent of the seller and not the agent of the buyer. In each case the

---

* See, also, *Toll* v. *Friedman,* 272 App. Div. 587, and *Government of French Republic* v. *Cabot,* 190 Misc. 517.— [REP.

amount paid by the buyer to the seller plus any amount paid by the buyer to the broker shall not exceed the seller's maximum price plus allowable transportation charges actually paid by the seller or by the buyer. The term ' broker ' includes a ' finder ', ' buyer's agent ' and ' seller's agent ' ''.

The buyer's agreement to pay the maximum allowable purchase price plus a brokerage commission brought the amount to be paid by him to a sum in excess of ceiling, and clearly contravened the aforesaid Maximum Price Regulation.

As the underlying agreement of sale was illegal when made, no valid contract ever came into being, nor could any right to brokerage commissions be predicated thereon (cf. *Slack* v. *Glenwood Sightseeing Bus Co.*, 181 Misc. 988).

Repeal of the law making the contract illegal did not validate a transaction which, if it had been performed, would at the time of performance have been unlawful. I think the correct rule is stated as follows in a considered note in American Law Reports (Vol. 126, p. 685 *et seq.*), where many cases are cited and discussed: " The weight of authority sustains the view that where an agreement is entered into in violation of a statutory or constitutional provision, or of public policy, the subsequent repeal of such provision, or change of policy, does not make the agreement valid, since such repeal cannot restore validity to an agreement which never had a legal existence." (Cf. also, Restatement, Contracts, §§ 598, 609; 12 Am. Jur., Contracts, § 165; 17 C. J. S., Contracts, § 23; 6 Williston on Contracts [Rev. ed.], § 1758.)

Although it is suggested in the afore-mentioned American Law Reports note that the New York rule is to the contrary, I do not find any authoritative cases which so indicate. The usury cases are distinguishable. (See *Fitzsimons* v. *Eagle Brewing Co.*, 107 F. 2d 712.) The case of *Farber* v. *Aquino Sons, Inc.* (253 App. Div. 600) is distinguishable on the ground that the contract for the sale of the wine was made in contemplation of and was to have been performed only after repeal of the Eighteenth Amendment. *Bloch* v. *Frankfort Distillery, Inc.* (247 App. Div. 864, affd. 273 N. Y. 469) may also be distinguished.

Moreover, the present case does not involve a contract between buyer and seller or the typical situation, as in *Kirsch* v. *Quality Fruit Wines Corporation* (68 N. Y. S. 2d 120) where goods were sold and delivered, but the buyer who has accepted the goods has nevertheless refused to pay the purchase price. In the case at hand, we have a broker suing to recover commissions

for having procured someone who agreed to purchase liquor but upon such terms that the agreement could not lawfully have been performed at all within the time in which it was specifically required to be performed. Therefore, the broker did not actually earn any commissions. It did not bring about a transaction which at the time when it was required to be consummated was legally possible of performance. The time for performance has now gone by. Therefore there was never a time when the broker became entitled to any commissions. Thus, assuming *arguendo* the validity and soundness of the so-called minority rule sometimes said to prevail in New York and applied in *Kirsch* v. *Quality Fruit Wines Corporation* (*supra*), I do not consider that such rule has any application to the present situation. As already noted, in the *Kirsch* case (*supra*) the defendant retained the benefits of the contract, but in the present case the defendant received no benefits, for the plaintiff never brought about a contract which could lawfully have been performed, and it is not claimed by the plaintiff that the contract was performed even in part. Instead, plaintiff asserts that the defendant prevented performance, entirely disregarding the fact that the contract which the plaintiff procured could not possibly have been performed lawfully upon the specified terms within the time therein provided.

It is unnecessary to consider the other points discussed by counsel.

Judgment may be entered in favor of the defendant, dismissing the complaint on the merits.

Ten days' stay of execution of judgment for costs; sixty days to make a case.