## (June 28, 1966)

1 MICHAEL G. KLETZ & CO., INC., Appellant, v. DEFIANCE INDUSTRIES INC., Defendant-Respondent and Third-Party Plaintiff. PREMIER CORPORATION OF AMERICA, Third-Party Defendant.— Order, entered March 16, 1966, and judgment for defendant entered thereon, unanimously reversed and vacated, on the law, with $50 costs and disbursements to plaintiff-appellant, and plaintiff's motion for summary judgment denied. In this action, brought upon a written agreement to recover a finder's or broker's fee in connection with the sale of certain property and assets of the defendant, Defiance Industries Inc., to Gabriel Industries, Inc., there are issues of fact precluding the granting of summary judgment to either party. On the basis of the record, the plaintiff's right to recover the agreed compensation may not be precluded by the existence in the Defiance-Gabriel contract of the provision conditioning closing of title on the designation by the purchaser (Gabriel) of the majority of the directors of Lionel. It does not appear that the plaintiff participated in any way in the alleged illegal agreement for the sale of directorial control of Lionel and plaintiff's cause of action has no such connection with the alleged illegality of the Defiance-Gabriel transaction as to bar its right of recovery. (See 17 C. J. S., Contracts, § 276; *McConnell* v. *Commonwealth Pictures Corp.*, 7 N Y 2d 465;

*Woodworth* v. *Bennett,* 43 N. Y. 273; *Tanenbaum* v. *Remford Corp.,* 185 Misc. 612.) There was express provision, however, in the written agreement between plaintiff and defendant, that the plaintiff should forfeit any right to compensation from defendant "If and in the event that the sale, assignment, and transfer from Defiance to Gabriel contemplated by the said agreement dated this day between Defiance and Gabriel shall not be consummated in accordance with its terms". The transaction was not closed but the plaintiff claims to be entitled to recover on the basis of allegations that Defiance "rendered itself unable to carry out and prevented such performance" of the contract with Gabriel "by affirmative acts on its own part consisting of arranging to sell and selling to parties other than Gabriel Industries, Inc. the items * * * which were the subject of the sale * * * notwithstanding that said Gabriel Industries, Inc. was then and thereafter ready, able and willing to perform and to pay the purchase price thereunder"; that the "sole reason for the failure to consummate the sale and purchase agreement * * * was the fault and default of defendant". These allegations are denied by defendant and its affidavits show the existence of bona fide issues in that connection. Incidentally, also, if the plaintiff executed the conditional agreement for compensation with knowledge of the existence in the Defiance-Gabriel contract of the provision for the designation by Gabriel of a majority of Lionel's directors, and if the failure of the transaction to close occurred solely because of the defendant's legal inability to comply with such provision, then plaintiff would be precluded from a recovery. Concur — Breitel, J. P., Rabin, Eager and Bastow, JJ.