### KING v. KNOWLES.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. NEW TRIAL—GROUNDS—FALSE ISSUE.

Where, in an action for broker's services, the proof showed plaintiff's employment, the rate of compensation, and that he secured a person willing and able to take the premises on defendant's terms, but a suggestion was permitted that defendant in his negotiations with the purchaser had made certain statements concerning restrictions on the property, which subsequent investigations proved untrue, of which there was neither pleading nor proof, and the jury were permitted to determine whether the written contract between defendant and the purchaser was binding as between plaintiff and defendant, plaintiff was entitled to a new trial on the rendition of a verdict for defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 59.]

2. BROKERS—PERFORMANCE OF SERVICE—RIGHT TO COMMISSIONS.

It is not the duty or obligation of a broker to see that the vendor has a good title or that he enters into an enforceable contract; the broker's duty being performed when he has secured a purchaser ready, willing, and able to purchase on the vendor's conditions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 77.]

3. SAME—CONCLUSIVENESS OF CONTRACT OF SALE.

A written contract between a purchaser and vendor of real estate, in which the purchaser accepted all of the conditions named by the vendor, was conclusive in favor of the broker in an action for services, in the absence of evidence that the contract was not delivered, or had been modified by parol with the broker's knowledge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from Special Term.

Action by William M. King against Benjamin H. Knowles. From an order setting aside a verdict in favor of defendant and granting a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Henry Escher, Jr. (George F. Elliott, on the brief), for appellant. Jonas B. Weil, for respondent.

WOODWARD, J. It is evident that there was a false or immaterial issue intruded in this case, and the learned trial court, in a memorandum, gives reasons why the verdict of the jury was set aside, which, in our opinion, justify the action. The action was brought to recover commissions, alleged to have been earned by the plaintiff in securing a purchaser ready, willing, and able to purchase certain real estate in the borough of Brooklyn, which was held by the defendant under a contract for the purpose of sale. The evidence showed conclusively the employment of the plaintiff, and the rate of compensation was not seriously disputed. The evidence further showed that the plaintiff secured a party who was willing and able to take the premises at the terms named by the defendant, and that the parties met and entered into a written contract for the purchase and sale of the premises. There was no dispute in the evidence as to the validity or binding force of this contract; but a suggestion was permitted to creep in that the defendant, in his negotiations with the purchaser, had made certain statements in reference to restrictions upon the property which subsequent investigation proved not to be true, and the jury were permitted to determine whether this written contract was a binding contract as between the plaintiff and defendant. Obviously no such issue was presented by the pleadings or by the proof. No evidence was offered to show that the contract, concededly prepared by the defendant, was not a meeting of the minds of the parties involved in the purchase and sale; and the fact that the defendant was unable to give a satisfactory deed of the premises has nothing whatever to do with the case.

It is not the duty or obligation of an ordinary broker to see to it that the seller has a good title, or that he enters into an enforceable contract. His duty is done when he has brought a purchaser who

is ready, willing, and able to purchase upon the conditions named by the seller, and when this is done his commissions are earned. The question here was not, therefore, whether the seller had made representations as to the property which were not true, but whether the plaintiff had performed his duties as a broker; and the written contract between the purchaser and seller, in which the former accepted all of the conditions named by the latter, is clearly conclusive, in the absence of some evidence tending to show that the contract was not delivered, or that it was in some manner modified by parol, with the knowledge of the plaintiff. It is certainly entitled to weight as against anything which appears in this case, and the learned justice presiding at the trial properly set aside the verdict and directed a new trial.

The order appealed from should be affirmed, with costs. All concur.