BENEDICT v. PINCUS et al.

(Supreme Court, Appellate Division, First Department.    November 12, 1909.)

1. CONTRACTS (§ 75*)—CONSIDERATION.

Where a broker was entitled to his commissions for procuring a tenant for premises, an alleged contract by which he agreed to the postponement of payment thereof until the tenant paid the stipulated rent is without consideration.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 282; Dec. Dig. § 75.*]

2. BROKERS (§ 85*)—ACTION FOR COMPENSATION—EVIDENCE.

In an action for broker's commissions in procuring a tenant for premises wherein defendant claimed plaintiff agreed to forego the payment of his commissions until payment of the rent by the tenant, the complaint in an action by defendant against the tenant for specific performance of the contract procured by plaintiff, and the release subsequently executed to the tenant, are admissible, not only as an admission of the contract, but to show that, if there was an agreement by plaintiff to postpone payment of commissions, defendant had voluntarily put it out of his power to collect such rent.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 85.*]

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Julian Benedict against Louis Pincus and another. From a judgment entered on a verdict for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

See, also, 109 App. Div. 20, 95 N. Y. Supp. 1042; 113 App. Div. 903, 98 N. Y. Supp. 1097; 114 App. Div. 900, 100 N. Y. Supp. 1105.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Robert L. Stanton, for appellant.

John W. Weed, for respondents.

HOUGHTON, J.    The plaintiff is a real estate broker, and sues the defendants for commissions in obtaining a tenant for them.    The defendants do not dispute the employment of the plaintiff, or that he procured one Smith to sign a paper, which the Court of Appeals held to be a binding agreement for a lease.    191 N. Y. 377, 84 N. E. 284. This court had previously held that such agreement was a mere option, and, Smith refusing to take, the commissions had not been earned.    109 App. Div. 20, 95 N. Y. Supp. 1042.    It followed from the decision of the Court of Appeals that the plaintiff did procure a tenant for the defendants, who was ready and willing to take.

The defendants succeeded on the present trial on the theory that the plaintiff agreed to forego the payment of his commissions until Smith paid the amount stipulated in his contract and took his lease, and that, Smith never having done that, the commissions never became due.    The only proof on this subject is that of the defendants, one of whom testified that, as the agreement was about to be signed by the parties, one of the defendants said to the plaintiff:

"You understand it is to execute a lease on October 10th, and no commissions are to be paid unless Mr. Smith takes this lease and pays over the $9,000?"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And that plaintiff replied:
"That is satisfactory to me."

The plaintiff had earned his commissions when he procured Smith, who was ready and willing and able to take the lease on the defendants' terms. Although he acquiesced in the remark of the defendants, he was not bound to forego his commissions, if Smith never paid the $9000 or executed the lease. There is no pretense that the defendants stated to the plaintiff that they would not accept Smith, or execute the agreement, unless the plaintiff would make the payment of his commissions conditional upon payment by Smith. Plaintiff's acquiescence in the suggestion, if he did acquiesce, which he denies, was not a binding contract, because it was without consideration. As the proof stood at the close of the case, the plaintiff was entitled to a direction of verdict.

The learned trial judge submitted the case to the jury on the theory that the defendants' acceptance of the tenant was conditional upon the plaintiff receiving no commissions unless the lease was actually made and the tenant paid the stipulated amount. The facts as disclosed by the record show no such agreement. While the language of the court in this respect was not directly excepted to, the various requests on the part of the plaintiff, which the learned court refused to charge, fully present the question. On Smith's refusal to execute the lease, the defendants brought action against him for specific performance, alleging their contract with him and tender and refusal on his part. Shortly thereafter they withdrew that action, and gave Smith a general release. The complaint and release were offered in evidence by the plaintiff, and excluded. These papers were competent evidence, not only as admissions on the part of the defendants, but for the purpose of showing that, if they had any valid agreement with the plaintiff to postpone the payment of his commissions, they had voluntarily put it out of their power to collect from Smith.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur. INGRAHAM, J., dissents.