JOHN R. DAVIDSON, Appellant, v. PETER V. STOCKY et al., Respondents.

**Real estate brokers — when sale of real estate is defeated by unreasonable imposition of new terms by the vendor, the broker is entitled to compensation.**

Where a sale is defeated, not by reason of any lack of ability or willingness on the part of the intending purchaser, or any refusal on his part to comply with the terms prescribed by the vendor to the broker and by him disclosed to the buyer, but on account of the unreasonable imposition of new terms by the vendor, by whom the broker was employed, the latter is entitled to his compensation. (*Tanenbaum* v. *Boehm*, 202 N. Y. 293, followed.)

*Davidson* v. *Stocky*, 137 App. Div. 945, reversed.

(Argued June 12, 1911; decided June 16, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 28, 1910, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover a real estate broker's commissions.

The facts, so far as material, are stated in the opinion.

*Bertram L. Kraus* for appellant. The plaintiff is entitled to recover, having brought about a meeting of the minds of the parties on the terms proposed by the defendants, and nothing having been said to him or to the purchaser about encroachments he cannot be denied his commission because there were in fact encroachments, but unrevealed by the sellers until after the minds of the parties had met and a contract was about to be executed. (*Sibbald* v. *B. I. Co.*, 83 N. Y. 378; *Sotski* v. *Ginsberg*, 126 App. Div. 441; *Kings* v. *Knowles*, 122 App. Div. 414; *Cusack* v. *Aikman*, 93 App. Div. 579; *Gildir* v. *Davis*, 137 N. Y. 506; *Martin* v. *Wermann*, 107 App. Div. 42; *Milne* v. *I. S. D. Co.*, 120 App. Div. 465; *Cohen* v. *Farley*, 28 Misc. Rep. 168; *Scott* v. *Neuberger*, 58 Misc. Rep. 22.)

*Abraham Benedict* and *Charles S. Guggenheimer* for respondents. The plaintiff was employed to sell the "Brockholst," and as he did not produce a purchaser ready, able and willing to take that property as it stood, he has not earned his commission. (*Diamond & Co.* v. *Hartley,* 38 App. Div. 87; 47 App. Div. 1; *Hausman* v. *Herdtfelder,* 81 App. Div. 46; *Weibler* v. *Cook,* 77 App. Div. 637; *Keough* v. *Meyer,* 127 App. Div. 273; *Mutchnick* v. *Davis,* 130 App. Div. 417; *Condict* v. *Cowdrey,* 139 N. Y. 273; *Conger* v. *Weaver,* 20 N. Y. 140; *Sibbald* v. *B. I. Co.,* 83 N. Y. 378.)

WILLARD BARTLETT, J. The sole issue presented by the pleadings in this case was the question whether the plaintiff procured for the defendants a purchaser for the real estate mentioned in the complaint who was ready, able and willing to purchase the same upon the terms and at the price fixed by the defendants, to wit, the sum of $320,000.

It was error to nonsuit the plaintiff if the evidence laid before the jury would have warranted them in answering that question in the affirmative.

In the absence of contradiction, that evidence, if believed, would not only have justified but it required a finding favorable to the plaintiff.

The employment of the plaintiff to procure a purchaser of the property for $320,000 was admitted. He testified that he succeeded in getting one Mr. James Madden to consent to pay that amount. Mr. Madden gave the plaintiff a check for $1,000 "to bind the bargain," which the plaintiff turned over to one of the defendants, who receipted for it on account of the purchase price for 101 West 85th street, New York city; "Contract to be signed at the office of Guggenheimer, Untermeyer and Marshall, 11 A. M., Tuesday, December 4th, 1906." The parties met at the time and place thus specified to sign the contract, when counsel representing the defendants said: "You

will notice I have put a clause in there that the buyer takes this property subject to any and all encroachments." Mr. Madden inquired what encroachments there were and was told that the defendants did not know there were any, but their representative nevertheless insisted that they wanted the provision in the contract. "I don't want to buy a piece of property in this way," said Mr. Madden; "I will buy it — I will close the matter right up now if you will take these encroachments out." This was declined and the parties agreed to postpone the matter for a week or ten days in order that a survey might be made. It appears that the survey showed that the building encroached upon the street and upon adjoining property to such an extent that Mr. Madden thought he ought to have a deduction of $5,000 from the purchase price on account of the encroachments. The defendants would allow nothing on account thereof and no contract was ever executed.

According to the plaintiff's testimony, he had no intimation of the existence of any encroachments until December 4th, 1906, when the contract was to have been signed, and, as has already been shown, Mr. Madden was ready and willing on that day to sign a contract binding him to buy the property for $320,000, providing nothing was said in the contract about any encroachments.

A real estate broker employed by a landowner to effect the sale of a lot of land has earned his commission when he produces a purchaser willing and able to buy upon the terms prescribed by the landowner. (*Gilder* v. *Davis*, 137 N. Y. 504, and cases therein cited.)

When such a purchaser has been procured, who assents to all the terms which the vendor has prescribed to the broker, the broker cannot be deprived of his commission by the vendor's capricious or obstinate insistence upon additional and unreasonable provisions to be inserted in the contract of purchase. In such a case the broker has done all that the vendor employed him to do and all that

he undertook to do. The sale is defeated not by reason of any lack of ability or willingness on the part of the intending purchaser, or any refusal on his part to comply with the terms prescribed by the vendor to the broker and by him disclosed to the buyer, but on account of the unreasonable imposition of new terms by the vendor. The broker's claim to compensation cannot thus be nullified. We have recently held in the case of *Tanenbaum* v. *Boehm* (202 N. Y. 293) that a broker's claim to commissions for effecting a lease of real estate cannot be defeated in this way. The same rule, of course, applies to the case of a broker employed to effect a sale.

The plaintiff's proof entitled him to go the jury. It was, therefore, error to direct a nonsuit, and the judgment must be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Vann, Werner, Hiscock and Collin, JJ., concur.

Judgment reversed, etc.