JOHN REIS COMPANY, Appellant, *v.* EDWARD ZIMMERLI, Respondent.

Brokers — commissions — when broker, who had earned commissions and agreed to wait until title passed entitled to his commissions although the title never passed.

Where, as the result of services rendered by a broker, a purchaser was obtained and a contract of sale was entered into between the defendant and the purchaser, which contained the following clause: " The seller agrees that (the broker) brought about this sale and agrees to pay the broker's commission therefor and who shall be entitled to his commission upon passing of title as agreed," the right to commissions had accrued at the time the contract of sale was signed and was not lost although the broker agreed to wait until title passed, and that event never occurred. The latter agreement was *nudum pactum* and unenforcible.

*Reis Co.* v. *Zimmerli,* 170 App. Div. 502, reversed.

(Argued October 18, 1918; decided October 29, 1918.)

APPEAL from a judgment entered December 31, 1915, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry M. Dater, Jay S. Jones* and *Edward J. Fanning* for appellant. The plaintiff had fully performed all the terms of its contract of employment, and found a purchaser ready, able and willing to contract with defendant upon defendant's terms. The plaintiff, therefore, had presumptively earned its commissions, and was entitled to the same immediately upon the production of such purchaser to defendant without regard to whether a sale of the premises was ever actually consummated and without regard also to whether the parties ever executed an enforcible contract as between themselves or not. (*Davidson* v. *Stocky*, 202 N. Y. 423; *Gilder* v. *Davis*, 137 N. Y. 504; *Kalley* v. *Baker*, 132 N. Y. 1; *Brink* v. *Goodelle*, 138 N. Y. Supp. 1035; *Hobbs* v. *Edgar*, 23 Misc. Rep. 618; *Davis* v. *Weber*, 46 Misc. Rep. 591; *Alt* v. *Doscher*, 102 App. Div. 334; 186 N. Y. 566; *Fleet* v. *Barker*, 120 App. Div. 455; *Gates* v. *Hames*, 8 N. Y. Supp. 287; *Lawrence* v. *Fox*, 20 N. Y. 268.)

*Leonard J. Reynolds* and *Richard A. Geis* for respondent. There was no evidence in the case of any other contract of employment than that set forth in the " broker's clause," and it was affirmatively proved that such was the only contract of employment. (*Colvin* v. *Post M. & L. Co.*, 173 App. Div. 85; *M. Nat. Bank* v. *Silverman*, 148 App. Div. 1; 210 N. Y. 567.)

POUND, J. This is an action to recover for services rendered by a broker in procuring a purchaser for real

property owned by the defendant. At the trial each party moved for the direction of a verdict. The defendant's motion was denied and the plaintiff's was granted. The Appellate Division reversed the trial court and dismissed the complaint. The trial court was justified in finding that George H. Ohnewald, plaintiff's secretary and treasurer, was employed by defendant in January, 1912, to sell certain real estate in the borough of Brooklyn, and that thereafter he found a purchaser ready, willing and able to perform upon satisfactory terms, and that on May 2, 1912, as the result of the services thus rendered by him, a contract of sale was entered into between the defendant and the purchaser. This contract contained the following clause: " The seller agrees that Mr. Ohnewald of Reis & Co., brought about this sale and agrees to pay the broker's commission therefor and who shall be entitled to his commission upon passing of title as agreed."

Ohnewald assigned to plaintiff his right to the compensation to be paid under the contract. Title to the premises never passed.

The Appellate Division holds that as matter of law " the only evidence of an employment or agreement to pay commissions is furnished by the clause in the contract quoted above, which was introduced in evidence by the plaintiff under that clause. The defendant did not become obligated to pay a commission until the passing of title. It was shown that the title never passed, and consequently the plaintiff was not entitled to the commissions."

At the time the contract of sale was signed, Ohnewald had procured a purchaser and his right to his commissions had accrued. (*Gilder* v. *Davis*, 137 N. Y. 504; *Davidson* v. *Stocky*, 202 N. Y. 423.) It is true that when the written contract was prepared for execution he expressed his willingness, if it would be more con-

venient for defendant, to wait for payment until title passed. But his contract with defendant had been fully executed by him, and the defendant could not be released from his liability to pay commissions without a consideration. (*Collyer & Co.* v. *Moulton*, 9 R. I. 90; *Benedict* v. *Pincus*, 134 App. Div. 555.) There was no evidence of any promise on the part of defendant to do what he was not already legally obligated to do. (*Kellogg* v. *Olmsted*, 25 N. Y. 189.) Ohnewald's agreement to wait was, therefore, *nudum. pactum* and unenforcible.

It follows that the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed (*Larkin* v. *N. Y. Tel. Co.*, 220 N. Y. 27, 31), with costs in favor of the appellant in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, HOGAN and CARDOZO, JJ., concur; McLAUGHLIN, J., dissents; ANDREWS, J., absent.

Judgment reversed, etc.