WILLIAM HOLMAN, Appellant, *v.* WALTER R. PATTEN, Respondent.

Commissions — agreement to pay brokerage fees to procurer of loan on real property and to furnish policy of title insurance — what constitutes failure to furnish policy — when broker entitled to commissions.

Defendant requested plaintiff's assignor to procure for him a loan on certain real property and agreed to furnish a policy of title insurance and pay brokerage fees and other expenses. The assignor procured a competent and willing lender. Defendant procured a preliminary agreement by a title insurance company to insure the title except that the policy proposed left one of the boundary lines of the property indefinite and undetermined. Because thereof the loan was not consummated. *Held,* that the insurance, in form, of the title to a plot of land, a boundary line of which is lacking, is not an insurance of the title, and that the title when so conditioned is not marketable; that defendant failed to perform the obligation on his part entitling him to the loan and that plaintiff is entitled to recover the amount of brokerage fees and expenses as stipulated.

*Holman* v. *Patten,* 170 App. Div. 877, reversed.

(Argued May 23, 1919; decided July 15, 1919.)

APPEAL from a judgment entered February 8, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold E. Lippincott* for appellant. The broker's contract had been duly performed and the compensation thereunder became due upon his procuring a lender on terms satisfactory to the defendant and upon the acceptance of the loan by the lender. (*Lederman* v. *Orecchinto,* 160 N. Y. Supp. 852; *Flannagan* v. *Fox,* 6 Misc. Rep. 132; *Tannenbaum* v. *Boehm,* 202 N. Y. 293.) The

question of marketability of title in an action by a broker for his commissions in procuring a loan is immaterial, when a title policy as to such marketability was agreed to be furnished and was not furnished by the borrower. (*Flannagan* v. *Fox*, 6 Misc. Rep. 132; *Tannenbaum* v. *Boehm*, 202 N. Y. 293; *Smith* v. *Peyrot*, 201 N. Y. 210.)

*Howard C. Taylor* for respondent.    The title of defendant was marketable and a policy containing the exception mentioned, which the title company was ready to issue, would have shown marketability.    (*Haffey* v. *Lynch*, 143 N. Y. 241; *Title Guarantee & Trust Co.* v. *Fallon*, 101 App. Div. 187; *Heiberger* v. *Karfoil*, 202 N. Y. 419; *Greenblatt* v. *Hermann*, 144 N. Y. 13.)    Plaintiff was obliged to prove that the failure of the proposed lender to make the loan was due to defendant's default.    (*Crasto* v. *White*, 52 Hun, 473; *Ashfield* v. *Case*, 93 App. Div. 452; *Slawson & Hobbs* v. *Rafter*, 76 Misc. Rep. 199.)

COLLIN, J.    The plaintiff seeks to recover, in virtue of a written contract between his assignor, William H. Hanford, and the defendant, agreed compensation for the procuring by his assignor a loan of money to the defendant.    At the close of the evidence each party moved for the direction of a verdict.    The trial court directed a verdict for the plaintiff, which was reversed and the complaint was dismissed by the Appellate Division.

There was in the evidence justification to the trial court for finding as facts: The defendant requested Hanford to procure to him a loan of twenty-five thousand dollars to be secured by a mortgage on his undivided one-half interest in land in the city of New York bounded on the east by East river.    He agreed to furnish Hanford for the lender a " policy of title insurance from Lawyers' Title Insurance & Trust Company or Title Guarantee & Trust Company, showing that applicant's title is a

marketable one and that this loan is a first lien on his one-half interest in said property;" and to pay Hanford " for brokerage fees and other expenses 8½ per cent on the amount of the loan." Hanford secured a competent and willing lender. The Lawyers' Title Insurance and Trust Company delivered to Hanford an agreement preliminary to and defining the terms of the policy it would issue. A part of it was: " A policy of insurance in the Company's usual form, insuring the title to " the property to be mortgaged will be issued by the company after the closing of the transaction " subject to all returns and requirements herein contained not disposed of, or complied with to the satisfaction of the Company.    *    *    * Objections to title and matters for consideration and disposition before or at the time of closing title.    *    *    * Outstanding title of the City of New York to any land lying east of the original high-water mark of the Harlem River." Obviously, this agreement did not, and the policy to be issued pursuant to it would not, disclose or fix the " original high-water mark of the Harlem River," or the eastern boundary line of the property to be mortgaged and the title to which was to be insured. It exempted or withdrew from the effect and security of the policy the land east of the original high-water mark of the Harlem river and did not define or place that water mark. It left, and the policy would leave, the eastern boundary line indefinite and undetermined. Subsequently the Lawyers' Title Insurance and Trust Company decided and declared that it would not insure the title to the property. The defendant did not furnish Hanford or the potential lender a policy of title insurance relating to the property other than the agreement we have described and because thereof the loan was not consummated. Hanford duly assigned to the plaintiff his claim under the agreement between him and the defendant.

The right of the plaintiff to recover the amount of

brokerage fees and expenses stipulated by the defendant and Hanford to be paid the latter was established by the evidence. The defendant did not furnish Hanford or the willing and capable lender with the policy of insurance or an agreement to furnish the policy of insurance showing that the defendant's title to the plot of land to be mortgaged was a marketable title. The insurance, in form, of the title to a plot of land a boundary line of which is lacking is not an insurance of the title. The title to a plot of land so conditioned is not marketable. The plaintiff had no reason or cause to undertake to establish at the trial that the title was in fact unmarketable. The defendant was to furnish a policy of title insurance showing that it was. The defendant did not perform the obligation on his part entitling him to the loan. Hanford did fully perform the obligations entitling him to the agreed compensation and expenses.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs to the appellant in the Appellate Division and this court.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.