NATALE FINOCCHIARO, Appellant, *v.* MICHAEL KIPFERL and Another, Respondents.

Fourth Department, May 5, 1926.

Brokers — real estate broker — action for commissions — plaintiff produced purchasers who executed contract of purchase — purchasers refused to complete on ground that easement existed against property that was not disclosed — plaintiff was entitled to commissions as soon as purchasers signed contract — fact that plaintiff thereafter sold another house to same purchasers is not defense — evidence of fraud on part of broker may be introduced under general denial.

The plaintiff, a licensed real estate broker, who brought this action to recover commissions alleged to be due upon the sale of property on behalf of the defendants is entitled to recover, since it appears that he secured purchasers who entered into a written contract of purchase with the defendants at the price agreed upon. The plaintiff's commissions were due and payable when the contract was signed.

The fact that the purchasers refused to complete the purchase on the ground that the property was subject to an easement which was not disclosed to them is not a defense to the broker's action to recover his commissions.

Furthermore, it is not a defense that the broker, after the refusal of the purchasers to complete their purchase, sold another house to them, for the broker's relations with the defendants under the contract of employment ended when the defendants entered into a valid contract of sale with the prospective purchasers.

*It seems,* that if a broker fraudulently induces a party to enter into a contract of sale for the sole purpose of collecting commissions, knowing that the contract will not be carried out, the owner may defend an action for commissions on that ground, and that evidence of fraud may be received in an action of this nature under a general denial.

APPEAL by the plaintiff, Natale Finocchiaro, from a judgment of the County Court of the county of Monroe in favor of the defendants, entered in the office of the clerk of said county on the 5th day of April, 1924, upon the verdict of a jury.

*Raymond E. Westbury* [*Arthur VD. Chamberlain* of counsel], for the appellant.

*William J. Maloney,* for the respondents.

HUBBS, P. J. The plaintiff, a duly licensed real estate broker, entered into an agreement with the defendants to sell their house and lot situate in the city of Rochester for a commission to be paid by the seller. He secured purchasers who entered into a written contract of purchase with the defendants at the price agreed upon. The defendants refused to pay the plaintiff a commission upon the sale and this action was brought to recover the same.

The complaint is in the usual form. It alleges the hiring, the agreed rate of commission, the fact that the plaintiff produced

purchasers who were willing and able to purchase at the agreed price, that a written contract of sale was entered into, that the purchasers deposited $100 upon the purchase price, that the agreement was dated April 1, 1922, and provided that the sale should be completed on or before the 15th of April, 1922. The answer admits all of the material allegations of the complaint except that plaintiff is a real estate broker, and that he is entitled to recover a commission of three per cent upon the selling price of said property. It alleges as a defense that the parties who entered into said contract of purchase " refused and still refuse to consummate their deal in accordance with the terms of their contract."

Upon the trial the plaintiff offered testimony which substantiated the allegations of the complaint and rested. The defendant was then permitted to offer, over plaintiff's objection and exception, testimony which it is urged established that the plaintiff breached his contract with defendants by failing to act in good faith. Substantially the only question litigated was whether the plaintiff acted in good faith toward the defendants. It was urged that he acted fraudulently because he did not state in the sale contract that the premises were incumbered with an easement permitting telephone poles upon the property and that after the contract of sale he entered into negotiations with the proposed purchasers to sell them other real estate thereby encouraging them not to carry out their contract of purchase with the defendants. The learned trial court instructed the jury that the defendants were entitled to succeed if it believed from the testimony that the plaintiff acted collusively or in bad faith for his own interest. The jury found in favor of the defendants.

The testimony which it is urged sustains such defense was received over the plaintiff's objection and exception. The plaintiff also excepted to the charge upon that question.

The general rule is that a real estate broker is entitled to his commission when he has furnished a purchaser acceptable to the seller, and who is ready, willing and able to purchase upon the terms offered. (*Reis Co.* v. *Zimmerli*, 224 N. Y. 351; *Tieck* v. *McKenna*, 115 App. Div. 701.)

The broker's right to recover his commission is not defeated because of a defect of title which causes the prospective purchaser to refuse to complete the purchase. (*Gilder* v. *Davis*, 137 N. Y. 504; *King* v. *Knowles*, 122 App. Div. 414.)

The rights of the parties were fixed when the plaintiff produced the purchasers and the defendants entered into a written contract of sale with them. The plaintiff had earned his commission and it was due and payable. The fact that no reference was made to

the so-called " pole and wire easement " in the contract of sale and that after the contract of sale he as broker sold to the prospective purchasers of defendants' house another house and lot is no defense to this action. A release of the easement in question could easily have been obtained before the closing day of the contract if the defendants had acted diligently. It was, in fact, obtained five days after the closing day named in the contract, apparently without any expense to the defendants. The fact that the plaintiff as broker sold the prospective purchasers of defendants' property another place after they had entered into a valid contract with the defendants cannot defeat this action. The plaintiff's relations with the defendants under this contract of employment ended when the defendants entered into a valid contract of sale with the prospective purchasers.

No doubt there may be cases where a broker fraudulently induces a party to enter into a contract of sale for the sole purpose of collecting commissions, knowing that the contract will not be carried out. In such a case the seller would have a good defense to an action for commissions. The whole scheme would be fraudulent, and the mere fact that the seller had signed a written contract of sale would not prevent him from asserting the fraudulent conduct of his agent in an action brought by the agent to recover commissions on the sale.

In the case at bar the prospective purchasers refused to complete the purchase because at the closing day the defendants failed to produce searches showing the property free and clear of all incumbrances excepting those specified in the contract of sale. That was not the fault of the plaintiff and does not constitute a defense to this action.

No doubt evidence of fraud may be received in an action of this nature under a general denial. (*Dickinson* v. *Tysen,* 209 N. Y. 395.) The trouble here is that the testimony taken in connection with the admissions in the answer fails to present a question for the jury on the question of fraud.

There was an issue of fact as to the amount which the defendants agreed to pay the plaintiff for selling the property in question. The conclusion which we have reached makes it unnecessary to consider the other exceptions which have been urged.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

SEARS, CROUCH and TAYLOR, JJ., concur; DAVIS, J., concurs in result only.

Judgment reversed on the law and facts and new trial granted, with costs to appellant to abide event.