MARTIN L. O'HARA, Appellant, *v.* BRONX CONSUMERS ICE COMPANY, Respondent.

(Argued June 12, 1930; decided July 8, 1930.)

*Samuel B. Seidel* and *Robert M. Gluck* for appellant. Plaintiff's purchasers were ready, able and willing to buy on defendant's terms. Because of defendant's failure to disclose the restriction, the purchasers were justified, irrespective of any contemplated use of the property, in refusing to enter into the contract. (*Goldstein* v. *Rosenberg,* 191 App. Div. 492; 232 N. Y. 535; *Bull* v. *Burton,* 227 N. Y. 101; *Isaacs* v. *Schmuck,* 245 N. Y. 77; *Rowland* v. *Miller,* 139 N. Y. 93; *Reis Co.* v. *Zimmerli,* 224 N. Y. 351; *Gilder* v. *Davis,* 137 N. Y. 504; *Davidson* v. *Stocky,* 202 N. Y. 423; *Smith* v. *Peyrot,* 201 N. Y. 210; *Putter* v. *Bergher,* 95 App. Div. 62; *Holman* v. *Patten,* 227 N. Y. 22; *Finocchiaro* v. *Kipferl,* 216 App. Div. 600.) The contemplated use of the property did not obviate defendant's misrepresentation of title. (*Benedict* v. *Pincus,* 134 App. Div. 555; *Condict* v. *Cowdrey,* 139 N. Y. 273; *Baumann* v. *Nevins,* 52 App. Div. 290; *Hall* v. *Schiff,* 179 App. Div. 699; 230 N. Y. 554; *Sullivan* v. *Frazier,* 40 App. Div. 288.)

*Clarence G. Bachrach, Herman S. Bachrach, William H. Mansfield* and *Adolph E. Gutgsell* for respondent. The plaintiff's proof negatives the contention that the purchaser was willing to enter into a contract upon the

terms of plaintiff's employment. (*Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Goldstein* v. *Rosenberg*, 232 N. Y. 535; *McHenry* v. *Jewett*, 90 N. Y. 58; *Wittwer* v. *Hurwitz*, 216 N. Y. 259.) Plaintiff would have no right to recover herein even if the contract had been signed and delivered. (*Born* v. *Schrenkeiser*, 110 N. Y. 55; *Benedict* v. *Pincus*, 109 App. Div. 20; *Ward* v. *Zborowski*, 31 Misc. Rep. 66; *Bennett* v. *Egan*, 3 Misc. Rep. 421; *Condict* v. *Cowdrey*, 139 N. Y. 273; *Walsh* v. *Gay*, 49 App. Div. 50; *Hall* v. *Schiff*, 179 App. Div. 699; *Howard Winship, Inc.*, v. *Meyer*, 129 Misc. Rep. 149; *Clark* v. *Bonner*, 217 Mass. 201; *Crockett* v. *Grayson*, 98 Va. 354.)

HUBBS, J. At the trial the plaintiff recovered a verdict for commissions earned as a broker for securing purchasers of real property owned by the defendant. Under the charge of the learned trial court the jury has found that the plaintiff was employed by the defendant to secure a purchaser for the real property in question for the sum of $66,000; that he produced purchasers who were ready, willing and able to purchase the property at that price on the terms specified. At the time the plaintiff was employed, the defendant's president stated to him that the property was free from restrictions except the New York City Zoning Ordinance. He said there were no "so-called private restrictions."

The defendant caused a proposed contract of sale to be prepared. The parties met at the office of the defendant's attorney to execute it. It then appeared for the first time that the premises were incumbered with a restrictive covenant which provided that the owner of the property "will not carry on or permit to be carried on upon said premises any noxious, offensive or dangerous trade or business."

The prospective purchasers were present with a check prepared to make the down payment specified by the defendant and to execute a contract of purchase in

accordance with the terms of sale given to the broker. They refused to go on with the contract with the restrictive covenant in it. At that time the plaintiff had earned his commission. He had produced purchasers ready, able and willing to execute and carry out a contract of purchase of the premises. The defendant had breached its contract with the plaintiff. It had represented that there were no restrictive covenants which constituted an incumbrance upon the property when in fact there existed such an incumbrance. It thereby prevented the sale which had been arranged by the plaintiff and was liable to him for the agreed commission. (*Davidson* v. *Stocky*, 202 N. Y. 423; *Mooney* v. *Elder*, 56 N. Y. 238; *Reis Co.* v. *Zimmerli*, 224 N. Y. 351; *Gilder* v. *Davis*, 137 N. Y. 504.)

The plaintiff having procured customers ready, able and willing to purchase upon the terms stated by the defendant, could not be deprived of his commission by the imposition of new terms and by the tendering of a title with restrictive covenants when its president had expressly stated to plaintiff that the title was free from all restrictions. (*Davidson* v. *Stocky*, *supra*.)

The covenant in question constituted a restriction on the title which justified the prospective purchasers in refusing to go on with the contract. The title was unmarketable. (*Bull* v. *Burton*, 227 N. Y. 101; *Isaacs* v. *Schmuck*, 245 N. Y. 77.)

At the time when plaintiff informed the defendant's president that he had customers for the property, he told him that the customers desired to build a public garage upon the premises. At the meeting in the office of the defendant's attorney, when plaintiff and his customers were first informed of the restriction upon the title to the property, an effort was made to adjust the matter so that the sale might go through. The proposed purchasers offered to take the property " Provided that the Title Guarantee and Trust Company will insure that the

premises may be used for the erection and maintenance of a public garage."

The title company declined to give an absolute insurance for the erection and maintenance of a public garage upon the premises and stated that the policy if issued would contain an exception of the covenant in question. Thereafter, the proposed purchasers refused to go on with the contract because the defendant offered a contract materially different in its terms from the terms originally specified.

It is urged by the respondent that the building of a public garage on the premises would not offend against the covenant and as the proposed purchasers desired the premises for that purpose, the covenant did not as to them constitute an incumbrance which justified them in refusing to enter into the contract and that, therefore, the plaintiff had not produced a customer ready, able and willing to purchase upon the terms specified. The Appellate Division accepted that view in reliance upon the case of *Goldstein* v. *Rosenberg* (191 App. Div. 492; affd., 232 N. Y. 535).

Assuming, without deciding, that the case relied upon establishes the building of a public garage upon the premises would not offend the restrictive covenant under the facts in this case, nevertheless, we are of the opinion that it was an incumbrance which justified the prospective purchasers in refusing to go on with the contract. If the purchasers had signed a contract of purchase which stated that the premises were free from all restrictions and thereafter refused to complete the purchase because of the restrictive covenant there can be no doubt that they would have been justified in so doing. (*Bull* v. *Burton, supra; Isaacs* v. *Schmuck, supra.*)

The fact that they had expressed an intention to use the premises for a public garage would not have required them to accept an unmarketable, incumbered title. Their contract would have been for a perfect title, and they

could not be compelled to accept an imperfect one. Under such circumstances, the broker would be entitled to his commissions.

The fact that a sale is not carried out because the owner cannot furnish a marketable title does not deprive a broker of his commissions especially when the owner has represented to the broker that he has a good unrestricted title. (*Smith* v. *Peyrot,* 201 N. Y. 210; *Holman* v. *Patten,* 227 N. Y. 22; *Van Vliet & Place, Inc.,* v. *Gaines,* 249 N. Y. 106.)

It is urged by the respondent that appellant is not entitled to recover commissions because the proposed contract agreed to by the parties provided that "No obligation shall rest on the purchaser to complete this contract unless a permit be granted by the authorities of the city * * * which said permit shall permit the erection and maintenance on these premises of a public garage."

The argument is that the contract did not compel the proposed purchasers to carry out the proposed contract absolutely and in any event. The jury has found, however, that the clause of the proposed contract correctly embodied the agreement which the defendant by its president stated to the plaintiff that it was willing to enter into. The plaintiff testified: " Q. You also testified that the title was to be closed 30 days after the happening of some event. What was that? A. Well, that was getting the permission from the Bureau of Standards and Appeals. Mr. Reinhardt said he would insure that; he said there would be no trouble on that. That is why he would make a conditional contract, and he would not tie up his money only he said he was certain it would go through."

The plaintiff, therefore, produced purchasers willing to enter into a contract of purchase on the exact terms specified by the defendant. He accomplished what he undertook to do. He was not required to do more. The defendant was at liberty to contract to sell the property

upon any terms it desired. The defendant voluntarily assumed the risk that the proposed purchasers might not be able to secure the desired permit.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.