SARAH GALLUB, as Administratrix of the Estate of BENJAMIN GALLUB, Deceased, Appellant, v. EDWARD CIRILLO et al., Respondents.— In an action to recover damages for negligence resulting in death, judgment dismissing the complaint at the close of the plaintiff's case reversed on the law and a new trial granted, with costs to the appellant to abide the event. Questions of fact arose during the trial which required the submission of the case to the jury. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

GOLDEN DEVELOPMENT CORPORATION, Appellant, v. EDNA L. WEYANT et al., Respondents.— In an action for adjudication of a vendee's lien and foreclosure thereof, to which defendants, vendors, counterclaim for specific performance, judgment dismissing the complaint and adjudging that defendants are entitled to retain the down payment of $1,000, insofar as appealed from, reversed on the law, with costs, the counterclaim dismissed, and judgment for plaintiff granted in the sum of $1,000, with interest from October 10, 1944, and in the further sum of $99.66, for amount paid by plaintiff for title search, without costs. We are of opinion that the saving clause " provided none of the subject clauses render title unmarketable " has application to all of the express provisions subjecting the conveyance, inclusive of that relating to existing restrictions of record. The setback restriction is an encumbrance and necessarily such as would render title unmarketable. (O'Hara v. Bronx Consumers Ice Co., 254 N. Y. 210, 213; Kountze v. Helmuth, 67 Hun 343, affd. 140 N. Y. 432; Wetmore v. Bruce, 118 N. Y. 319.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

HELEN GRIVAS, as Administratrix of the Estate of JOHN M. GRIVAS, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for negligence resulting in death, judgment in favor of the plaintiff reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The evidence adduced on the trial does not show any actionable negligence on the part of the defendant, City of New York. (McGuirk v. City of New York, 285 N. Y. 596; Roberts v. Town of Eaton, 238 N. Y. 420; Best v. State of New York, 236 N. Y. 662.) Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.

In the Matter of the Accounting of AGNES F. HEMPSEY, as Executrix of MARIA F. HEMPSEY, Deceased, Respondent. CHARLES HEMPSEY, Appellant.— Decree of the Kings County Surrogate's Court judicially settling the account of Agnes F. Hempsey, as executrix of the last will and testament of Maria F. Hempsey, deceased, and order dismissing appellant's objections to the account, unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [See 270 App. Div. 761.]