SAMUEL S. WATSON, Plaintiff, *v.* MUSKEGON STEAMSHIP CORPORATION, Defendant.

First Department, February 21, 1924.

Principal and agent — action by broker to recover commissions for sale of steamship — purchaser refused to accept delivery — deposit was recovered by seller from depositary — question of fact was presented whether plaintiff acted as agent or principal — provision in letter that commission would be paid upon consummation of purchase and sale ambiguous and meaning of letter question for jury — collection of deposit by defendant does not make it liable for commission.

In an action to recover commissions for the sale of a steamship in which it appeared that the purchaser repudiated the contract of sale and refused to accept delivery, and that the defendant recovered from the depositary the amount deposited by the purchaser, it was error to direct a verdict in favor of the plaintiff at the close of the case, since the evidence raised an issue of fact as to whether or not the plaintiff acted as a principal in the transaction or as an agent.

Furthermore, if the jury found for the defendant that a letter written by the defendant to the person who executed the contract of purchase in which it stated that it would pay the plaintiff a commission upon the consummation of the purchase and sale was the only agreement between the parties and was not merely corroborative of a prior oral agreement, then an ambiguity was presented in the words in the letter " upon the consummation of the purchase and sale," which required the meaning of the letter to be submitted to the jury in the light of the surrounding circumstances to determine whether or not a commission was to be paid if the purchaser did not carry out his contract.

The collection by the defendant of the amount deposited by the purchaser of the ship as liquidated damages in the event the purchaser defaulted did not make

the defendant liable for the commission on the theory that by collecting the deposit the defendant secured the benefit contemplated by the contract and, therefore, the broker earned his commission.

MOTION by defendant, Muskegon Steamship Corporation, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance after the direction of a verdict in plaintiff's favor at the close of the case upon a trial before the court and a jury at the New York Trial Term in March, 1923.

*Edmund R. Terry* [*Edward L. Blackman* of counsel], for the plaintiff.

*Duer & Taylor* [*Robert S. Johnstone* of counsel; *Leland B. Duer* and *George Winship Taylor* with him on the brief], for the defendant.

FINCH, J.:

This is an action for a broker's commission claimed by plaintiff in having procured on behalf of the defendant the sale of a steamship.

The defendant entered into a contract of sale whereby, among other things, it was agreed that ten per cent of the purchase price should be deposited with certain bankers, to be paid to the seller upon tender of delivery of the ship, said ten per cent to be retained by the seller as liquidated damages in the event of default by the buyer. The purchaser repudiated the contract and refused to accept delivery. The depositary refused to pay the ten per cent to the defendant on demand, and the latter sued the depositary and recovered a judgment for said amount.

According to the testimony of the plaintiff, he presented to the defendant one Marskey as a prospective purchaser of the ship, and it was orally agreed that the defendant would pay plaintiff as broker a commission of two and one-half per cent.

On the other hand, according to the defendant's testimony, the plaintiff approached and dealt with the defendant as principal, and there was no agreement to pay him any commission, but that there was an agreement to allow a discount of two and one-half per cent off the purchase price of the ship, and that it was not until the execution of the contract of sale that Marskey's name was substituted as purchaser and a written direction received from Marskey to pay the two and one-half per cent to plaintiff as a commission. In reply to this direction, defendant wrote Marskey as follows: " Acknowledging receipt of your favor of even date, we beg to state that in accordance with the representations and directions therein contained, we will, upon the consummation of the purchase and sale referred to, pay a commission of two and one-half per

First Department, February, 1924.        [Vol. 208

cent. to Mr. Samuel S. Watson." This letter was introduced in evidence by the defendant over the objection of the plaintiff.

There thus were presented two distinct theories: (1) That there was an oral agreement as claimed by plaintiff, of which the writing was corroborative only, said writing, however, not constituting the agreement; and (2) that the writing constituted the only agreement to pay the commission. One theory or the other must have been adopted, but neither theory could have been adopted without determining issues of fact presented by the evidence. These issues should have been presented to the jury.

In the event that the jury should find for the defendant on this issue, namely, that the letter constituted the only agreement between the parties, an ambiguity was presented in the wording of this letter which required its meaning to be submitted to the jury in the light of the surrounding circumstances. (*Utica City Nat. Bank* v. *Gunn*, 222 N. Y. 204; *United States Rubber Co.* v. *Silverstein*, 229 id. 168.) The ambiguity resides in the use of the words in the letter " upon the consummation of the purchase and sale." Ordinarily when such words are used in connection with a commission due a broker, they relate to the signing of a contract of sale. In the case at bar, however, the person to whom the letter in question was addressed was not the broker, but the principal who had just signed contemporaneously with the delivery of the letter a contract of sale in which the same words " consummation of the purchase and sale " were used as clearly to mean not the signing of the contract of sale, but the carrying out and completion of said contract. Article X of the contract of sale provides as follows: " This contract has been executed as a single instrument and not in duplicate and will be deposited immediately after execution with the said Harvey Fisk & Sons, bankers, to be held pending the consummation of the purchase and sale and delivery of proper bill of sale as herein provided, and in the event that such purchase and sale is not consummated this contract is to be returned to the seller upon demand."

When in addition is considered the testimony of the defendant that there was no agreement to pay a broker's commission but merely a recognition of the right of the purchaser to dispose of the discount from the purchase price, it clearly appears that the ambiguity was for the jury.

It is urged by plaintiff that the defendant, having proceeded to recover the liquidated damages provided by the contract, has secured the benefit contemplated by the contract procured by the broker, and hence the broker has earned his commission. (Citing *Gilder* v. *Davis*, 137 N. Y. 504.) In so contending, however, the

plaintiff ignores the fact that the very question at issue in the case at bar is whether the plaintiff has expressly contracted that he is only to be paid a commission in the event of a certain contingency. In *Gilder* v. *Davis* (*supra*) there was nothing to prevent the collection of the entire commission upon the signing of the contract, as in the usual brokerage contract until the broker by subsequent agreement had limited his right thereto.

It follows that the exceptions of the defendant should be sustained, and the motion for a new trial granted, with costs to the defendant to abide the event.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Exceptions sustained and new trial granted, with costs to defendant to abide the event. Settle order on notice.